NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| NAT'L SEC. SYS., INC., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil No. 00-6293 (AET) |
| v. | : | |
| | : | **MEMORANDUM & ORDER** |
| ROBERT L. IOLA, JR., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon Defendants Lincoln National Life Insurance

Company and Cigna Financial Advisors, Inc.'s ("Cigna/Lincoln") motion for summary judgment

[docket no. 211].  The Court has decided this motion after reviewing the submissions of the

parties and without oral argument, pursuant to Fed. R. Civ. P. 78.  For the following reasons, the

motion is granted in part and denied in part.

BACKGROUND

In light of the multiple motions before the Court, the Court will not continue to repeat the

facts and procedural history of this case.  Instead, the Court incorporates by reference its Order

granting and denying in part Defendant Barrett's motion for partial summary judgment [docket

no. 214].  Plaintiffs assert the following claims against Cigna/Lincoln: (1) violation of ERISA

(Count I); (2) violation of federal RICO and conspiracy to violate federal and NJ RICO (Counts

II, VI, and VIII); (3) violation of the NJ CFA (Count IX); (4) common law fraud (Count X); (5)

negligent misrepresentation (Count XI); (6) breach of contract (Count XIII); (7) breach of the

duty of good faith and fair dealing (Count XIV); (8) respondeat superior for Barrett and Iola's

conduct (Count XV); (9) negligent supervision of Barrett and Iola (Count XVI); and (10)

conspiracy and aiding and abetting (Count XVIII).

DISCUSSION

A.      Standard of Review

A party seeking summary judgment must "show that there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56;

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d

1358, 1366 (3d Cir. 1996).  The moving party bears the initial burden of showing the absence of a

genuine issue of material fact.  Celotex, 477 U.S. at 323; Padillas v. Stork-Gamco, Inc., 186 F.3d

412, 414 (3d Cir. 1999).  The moving party may cite to the pleadings, depositions, answers to

interrogatories, or admissions on file, to demonstrate that no genuine issue of material fact exists

and that the party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  To survive a

motion for summary judgment, the nonmoving party cannot rely merely on the unsupported

allegations of the complaint, and must present more than the "mere existence of a scintilla of

evidence" in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  "[L]egal

conclusions, unsupported by documentation of specific facts, are insufficient to create issues of

material fact that would preclude summary judgment."  Jersey Cent. Power & Light Co. v. Twp.

of Lacey, 772 F.2d 1103, 1109-10 (3d Cir. 1985).

B.      The Finderne Plaintiffs' Claims

For the same reasons as in this Court's Order entered June 29, 2007, granting and denying

in part Papetti/USF's motion for summary judgment, the Court will grant Cigna/Lincoln's motion

as to any claims against it by the Finderne Plaintiffs other than their ERISA claim.

C.      Cigna/Lincoln's Liability

As an initial matter, and for the reasons stated in this Court's Order granting and denying in part Barrett's motion for partial summary judgment [docket no. 214], the Universal, Lima, and Alloy Cast Plaintiffs' state law claims against Cigna/Lincoln for fraud (Count X), breach of contract (Count XIII), breach of the duty of good faith and fair dealing (Count XIV), respondeat superior (Count XV), and conspiracy and aiding and abetting (Count XVIII) are preempted by ERISA to the extent that those claims are based upon any activity regarding misrepresentations and misconduct pursuant to the "reserve fund" and allegedly excessive commissions.  The claims of the National Security Plaintiffs, however, are not preempted.

The core of Cigna/Lincoln's argument is that there is no connection between it and the EPIC plan.  Cigna/Lincoln maintains that it had no part of any purported contract with Plaintiffs, and Barrett and Iola were simply brokers affiliated with Cigna/Lincoln who acted with no apparent authority on behalf of Cigna/Lincoln.  It further insists that it did not in any way ratify the actions of Barrett and Iola, who acted as insurance brokers for Tri-Core in marketing the EPIC plan, and not for Cigna/Lincoln.  Plaintiffs argue, however, that Barrett and Iola recommended the EPIC plan to them as their financial advisors, employed by Cigna/Lincoln, which was a provider of financial planning services.  (See, e.g., Gyantar Cert. Supp. Pls.' Mots. for Summ. J. [217], [218] Ex. A; Supplemental Fram Cert. Supp. Pls.' Opp'ns to Mots. for Summ. J. Ex. AAA.)  Plaintiffs further assert that Cigna/Lincoln knew that Barrett and Iola were marketing the EPIC plan because Cigna/Lincoln had given them approval to do so.  (Pls.' Opp'n to Def. Cigna/Lincoln's Mot. for Summ. J. [211] 6-7.)  Thus, genuine issues of material fact exist as to Barrett's and Iola's true roles in recommending the EPIC plan to Plaintiffs, and as to whether Cigna/Lincoln was aware and approved their actions in doing so, precluding summary judgment

of Plaintiffs' claims for fraud (Count X), negligent misrepresentation (Count XI), breach of

contract (Count XIII), breach of the duty of good faith and fair dealing (Count XIV), respondeat

superior (Count XV), and conspiracy and aiding and abetting (Count XVIII).

Cigna/Lincoln next argues that any contract claims against it are time-barred.  For the

reasons stated in the Court's Order granting and denying in part Barrett's motion for partial

summary judgment [docket no. 214], however, the Court cannot conclude as a matter of law that

Plaintiffs' contract claims are time-barred.  Cigna/Lincoln further argues that if Plaintiffs seek to

base its liability on a purported contractual relationship as Cigna/Lincoln's financial planning

clients, they may not also seek recovery under their fraud, negligent supervision, and negligent

misrepresentation claims.  However, "New Jersey federal and state decisions have held that fraud

claims may co-exist with a contract-based cause of action."  Bracco Diagnostics, Inc. v. Bergen

Brunswig Drug Co., 226 F. Supp. 2d 557, 563 (D.N.J. 2002).  Moreover, while "the economic

loss doctrine prohibits plaintiffs from recovering in tort economic losses to which their

entitlement only flows from a contract," id. at 562, the Court finds sufficient genuine issues of

material fact exist as to where Plaintiffs' alleged entitlement to recovery may flow from that

would make such a selection by the Court inappropriate at this time.

D.      Count XVI—Negligent Supervision

Cigna/Lincoln next argues that Plaintiffs have failed to present any evidence that it "had

reason to know of the particular unfitness, incompetence, or dangerous attributes" of Barrett or

Iola that would create a risk of harm to Plaintiffs.  (Def. Cigna/Lincoln's Br. [211] 12 (citing

Johnson v. Usdin Louis Co., 591 A.2d 959, 961 (N.J. Super. Ct. App. Div. 1991)).)  Plaintiffs

argue that Cigna/Lincoln is liable under this theory because Barrett's supervisor at Cigna/Lincoln,

Karl Rosenberger, was concerned about the promotion of the EPIC plan because it sounded "too

good to be true." (Pls.' Br. Supp. Mot. for Summ. J. [217] at 37; Fram Cert. Supp. Pls.' Mots. For

Summ. J. [217], [218] Ex. JJ at 132.)  While Rosenberger may have held this opinion about the

EPIC plan itself, Plaintiffs have pointed to no evidence showing Cigna/Lincoln had reason to

know that Barrett or Iola were "unfit, incompetent, or dangerous" as financial planners.  Thus, the

Court grants summary judgment on the negligent supervision claim.

E.      Count IX—NJ CFA Claim

        For the reasons stated in the Court's Order granting and denying in part Barrett's motion

for partial summary judgment [docket no. 214], the Court grants Cigna/Lincoln's motion as to

Plaintiffs' NJ CFA claim.

F.      Counts II through VIII—Federal and NJ RICO Claims

        For the reasons in this Court's Order granting and denying in part the Monumental and

CJA Defendants' motions for summary judgment [docket nos. 215 and 216], the Court grants

Cigna/Lincoln's motion as to the National Security Plaintiffs' federal and NJ RICO claims, as

they are time-barred.  The claims of the Universal, Lima, and Alloy Cast Plaintiffs, however, are

not time-barred and genuine issues of material fact as to Cigna/Lincoln's awareness of and

involvement in the EPIC plan preclude summary judgment, as stated above.

G.      Benefit-of-the-Bargain Damages

        For the reasons in this Court's Order granting and denying in part the Monumental and

CJA Defendants' motions for summary judgment [docket nos. 215 and 216], the Court grants

Cigna/Lincoln's motion as to Plaintiffs' claims for benefit-of-the-bargain damages.

CONCLUSION

        To summarize, Cigna/Lincoln's motion for partial summary judgment is granted in part as

to: (1) all claims against it by the Finderne Plaintiffs, except for their claim in Count I (ERISA);

(2) the claims of the National Security Plaintiffs in Counts II through VIII (federal and NJ RICO);

(3) the claims of all Plaintiffs in Count IX (NJ CFA); (4) the claims of all Plaintiffs except the

National Security Plaintiffs in Counts X (fraud), XIII (breach of contract), XIV (breach of the

duty of good faith and fair dealing), XV (respondeat superior), and XVIII (conspiracy and aiding

and abetting), as those claims arise from Plaintiffs' "reserve fund" and commissions theories; (5)

the claims of all Plaintiffs in Count XVI (negligent supervision); and (6) Plaintiffs' claims for

benefit-of-the-bargain damages.

Cigna/Lincoln's motion for partial summary judgment is denied in part as to: (1) the

claims of all Plaintiffs in Count I; (2) the claims of the Universal, Lima, and Alloy Cast Plaintiffs

in Counts II through VIII; (3) the claims of all Plaintiffs in Counts X, XIII, XIV, XV, and XVIII,

as those claims arise from Plaintiffs' tax benefits theory; (4) the claims of the National Security

Plaintiffs in Counts X, XIII, XIV, XV, and XVIII, as those claims arise from all three of

Plaintiffs' theories; and (5) the claims of all Plaintiffs in Count XI (negligent misrepresentation).

For the foregoing reasons, and for good cause shown,

IT IS on this 24th day of September, 2007,

ORDERED that Defendants Lincoln National Life Insurance Company and Cigna

Financial Advisors, Inc.'s Motion for Partial Summary Judgment [211] is GRANTED IN PART

and DENIED IN PART.


       s/ Anne E. Thompson
       ANNE E. THOMPSON, U.S.D.J.