NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NAT'L SEC. SYS., INC., et al.,

    Plaintiffs,

    v.

ROBERT L. IOLA, JR., et al.,

    Defendants.

Civil No. 00-6293 (AET)

**MEMORANDUM & ORDER**

THOMPSON, U.S.D.J.

    This matter comes before the Court upon Defendant Robert L. Iola, Jr.'s motion for partial summary judgment [docket no. 213]. The Court has decided this motion after reviewing the submissions of the parties and without oral argument, pursuant to Fed. R. Civ. P. 78. For the following reasons, the motion is granted in part and denied in part.

BACKGROUND

    For the sake of brevity and in light of the multiple motions before the Court, the Court will not continue to repeat the facts and procedural history of this case. Instead, the Court incorporates by reference its Order granting and denying in part Barrett's motion for partial summary judgment [docket no. 214]. Only the National Security Plaintiffs assert any claims against Iola, thus, only they have opposed Iola's motion for summary judgment. These claims essentially mirror the claims asserted against Defendant Barrett.

STANDARD OF REVIEW

    A party seeking summary judgment must "show that there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323; Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 414 (3d Cir. 1999). The moving party may cite to the pleadings, depositions, answers to interrogatories, or admissions on file, to demonstrate that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To survive a motion for summary judgment, the nonmoving party cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "[L]egal conclusions, unsupported by documentation of specific facts, are insufficient to create issues of material fact that would preclude summary judgment." Jersey Cent. Power & Light Co. v. Twp. of Lacey, 772 F.2d 1103, 1109-10 (3d Cir. 1985).

## DISCUSSION

A.      Count I—ERISA Claims

Although Plaintiffs name Iola as a Defendant in their ERISA claims in Count I, the National Security Plaintiffs admit that their individual plan was not an ERISA plan. (Pls.' Br. Supp. Mot. for Summ. J. [218] 1 n.1.) Thus, Iola's motion for summary judgment of any ERISA claims against him is granted.

B.      Counts II through VIII—Federal and NJ RICO Claims

Iola argues that the National Security Plaintiffs' federal and NJ RICO claims against him should be dismissed as untimely filed. The Court agrees, and for the reasons stated in the Court's Order granting and denying in part the Monumental and CJA Defendants' motions for summary

judgment [docket nos. 215 and 216], the Court grants Iola's motion as to Plaintiffs' federal and NJ RICO claims.

C.  Count IX—NJ CFA claim

Plaintiffs do not name Iola as a Defendant in their NJ CFA claim in Count IX. Nonetheless, the National Security Plaintiffs argue in their opposition brief that the NJ CFA claim should apply to Iola's actions. For the reasons stated in the Court's Order granting and denying in part Barrett's motion for partial summary judgment [docket no. 214], the Court grants Iola's motion as to Plaintiffs' NJ CFA claim.

D.  Remaining Claims in Counts X, XII, XIV, and XVIII

Iola adopts and incorporates the arguments of the other Defendants that Plaintiffs' "common law fraud (Count X), common law breach of fiduciary duty (Count XII), breach of contract (Count XIII), breach of duty of good faith and fair dealing (Count XIV), and conspiracy (Count XVIII) to commit such acts" should be dismissed. (Def. Iola's Br. [213] at 19.) Plaintiffs, however, do not name Iola as a Defendant in their Count XIII for breach of contract. (Compl. ¶ 267.) Thus, Plaintiffs cannot maintain an independent claim against Iola for breach of the duty of good faith and fair dealing. See Sellitto v. Litton Sys., Inc., 881 F. Supp. 932, 940 (D.N.J. 1994) ("In the absence of a contract, there is no implied covenant of good faith and fair dealing.") (citing Noye v. Hoffman-LaRoche Inc., 570 A.2d 12 (N.J. Super. Ct. App. Div. 1990)).

The National Security Plaintiffs' remaining claims against Iola for fraud, breach of fiduciary duty, and conspiracy and aiding and abetting, however, survive summary judgment. While Iola adopts the arguments of the other Defendants as to these claims, he offers no argument that pertains to his actions specifically. The National Security Plaintiffs, however, have alleged that Iola recommended the EPIC plan to them, that Iola misrepresented the existence of a "reserve

fund," and that Iola, in concert with the other Defendants, received excessive commissions from plan contributions intended for the reserve fund. Thus, for the same reasons as stated in the Court's order granting and denying in part Barrett's motion for partial summary judgment [docket no. 214], Iola's motion for summary judgment of Plaintiffs' common law fraud, breach of fiduciary duty, and conspiracy and aiding and abetting claims is denied.

E.   Benefit-of-the-Bargain Damages

For the same reasons as stated in the Court's Order granting and denying in part the Monumental and CJA Defendants' motions for summary judgment [docket nos. 215 and 216], the Court dismisses Plaintiffs' claim, if any, against Iola for benefit-of-the-bargain damages.

CONCLUSION

To summarize, no claims are asserted or remain against Iola by any Plaintiffs except for the National Security Plaintiffs. Iola's motion for partial summary judgment is granted in part as to: (1) all claims in Count I (ERISA); (2) all claims in Counts II through VIII (federal and NJ RICO); (3) all claims in Count IX (NJ CFA); (4) all claims in Count XIV (breach of the duty of good faith and fair dealing); and (5) any claims for benefit-of-the-bargain damages.

Iola's motion is denied in part as to the claims of the National Security Plaintiffs in Counts X (fraud), XII (breach of fiduciary duty), and XVIII (conspiracy and aiding and abetting).

For the foregoing reasons, and for good cause shown,

IT IS on this 24th day of September, 2007,

ORDERED that Defendant Robert L. Iola, Jr.'s Motion for Partial Summary Judgment [213] is GRANTED IN PART and DENIED IN PART.

                                      s/ Anne E. Thompson
                                      _____
                                      ANNE E. THOMPSON, U.S.D.J.