NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NAT'L SEC. SYS., INC., et al., : | |
| Plaintiffs, : | |
| : | Civil No. 00-6293 (AET) |
| v. : | |
| : | **MEMORANDUM & ORDER** |
| ROBERT L. IOLA, JR., et al., : | |
| Defendants. : | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon: (1) Plaintiffs' motion for a spoliation inference and/or related relief [docket no. 226]; (2) Defendant Cigna/Lincoln's cross-motion for expenses and counsel fees [docket no. 236]; and (3) Defendant Barrett's motion for a spoliation inference against Plaintiffs [docket no. 232]. The Court has decided these motions after reviewing the submissions of the parties and without oral argument, pursuant to Fed. R. Civ. P. 78. For the following reasons, the motions are denied.

BACKGROUND

In light of the multiple motions before the Court, the Court will not continue to repeat the facts of this case. Instead, the Court incorporates by reference its Order granting and denying in part Barrett's motion for partial summary judgment [docket no. 214]. In the wake of the several motions for summary judgment filed in this case, Plaintiffs and Barrett have filed motions for sanctions. Specifically, Plaintiffs seek a spoliation inference or other sanctions against Defendants Barrett, Papetti, and Cigna/Lincoln for allegedly destroying or withholding key

documents, defying court orders requiring the production of information, and in the case of Barrett and Papetti, lying about their conduct in promoting the EPIC plan.  In response, Cigna/Lincoln denies the conduct Plaintiffs allege, and submits a cross-motion for expenses and counsel fees in responding to Plaintiffs' motion.  Barrett also submits a motion seeking a spoliation inference against Plaintiffs for failing to produce requested documents.

DISCUSSION

As an initial matter, the Court notes that the parties dispute whether these motions for sanctions arise as discovery motions, pursuant to Fed. R. Civ. P. 37 and Local Civil Rule 37.1, or as trial motions, arguing for certain inferences to be determined as a matter of law in advance of trial.  To the extent that they are discovery motions, Barrett and Plaintiffs appear to have disregarded the requirements of Local Rule 37.1, in failing to confer in good faith among themselves to attempt to resolve these matters without court action, in failing to request relief from the Magistrate Judge to address these matters, and in failing to seek relief upon the close of discovery, instead filing these motions after their motions for summary judgment.  This leads the Court to conclude that the parties have filed these motions as little more than additional support for their summary judgment motions.  Nonetheless, as the Court finds that the sanctions requested are not warranted, the motions will be denied.

Historically, courts have admitted evidence at trial tending to show that a party destroyed evidence relevant to the dispute being litigated.  In re Hechinger Inv. Co. of Del., 489 F.3d 568, 579 (3d Cir. 2007).  "Such evidence permitted an inference, the 'spoliation inference,' that the destroyed evidence would have been unfavorable to the position of the offending party." Id. (citations omitted).  The "key considerations in determining whether such a sanction is appropriate should be: (1) the degree of fault of the party who altered or destroyed the evidence;

(2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." Id. (citations omitted).  Further, a spoliation inference is appropriate only when four essential factors are demonstrated: (1) the evidence in question must be in the party's control; (2) it must appear that there has been actual suppression or withholding of the evidence; (3) the evidence withheld or destroyed was relevant to claims or defenses; and (4) it was reasonably foreseeable that the evidence would later be discoverable.  MOSAID Techs. Inc. v. Samsung Elecs. Co., 348 F. Supp. 2d 332, 336 (D.N.J. 2004).

      Here, the Court cannot conclude as a matter of law that any party "actually suppressed or withheld" evidence.  While this matter has been zealously litigated, and each party has made statements at one time or another that appear to conflict with other statements, the Court cannot find that any party intentionally or recklessly withheld, destroyed, or failed to preserve evidence to the extent that would support the granting of a spoliation inference at this stage.  See, e.g., Paramount Pictures Corp. v. Davis, 234 F.R.D. 102, 113 (E.D. Pa. 2005) ("[A] spoliation inference is merely an inference that a fact finder may draw from a view of all the evidence presented at trial; it is not a legal conclusion that must be reached when evidence is presented that a party has willfully destroyed relevant evidence.")

      Further, the Court denies Plaintiffs' request for attorney's fees and costs, and also denies Cigna/Lincoln's cross-motion for expenses and counsel fees, whether sought under Rule 11 or Rule 37 of the Federal Rules of Civil Procedure.  The Court finds that an award of fees would be unwarranted and unjust at this time.  While the Court cannot conclude that there has been active suppression or destruction of evidence, all parties appear to have significant deficiencies in their

responses to their adversaries' requests for discovery. Thus, all requests for fees and costs are denied. See, e.g., Refac Int'l, Ltd. v. Lotus Dev. Corp., No. 89-5094, 1991 U.S. Dist. LEXIS 3870, at *8 (S.D.N.Y. Mar. 28, 1991) (stating, in denying Rule 11 sanctions, that "although two wrongs . . . don't make a right, in this case they do make a balance").

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 24th day of September, 2007,

ORDERED that Plaintiffs' Motion for a Spoliation Inference and/or Related Relief [226] is DENIED; and it is further

ORDERED that Defendants Lincoln National Insurance Company and Cigna Financial Advisors, Inc.'s Cross-Motion for Expenses and Counsel Fees [236] is DENIED; and it is further

ORDERED that Defendant James W. Barrett's Motion for Spoliation Inference Against Plaintiffs [232] is DENIED.

    s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.