NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                                    :
NAT'L SEC. SYS., INC., et al.,                     :
                                                    :
          Plaintiffs,                               :
                                                    :          Civil No. 00-6293 (AET)
          v.                                        :
                                                    :          **MEMORANDUM & ORDER**
ROBERT L. IOLA, JR., et al.,                       :
                                                    :
          Defendants.                               :
_____                     :

THOMPSON, U.S.D.J.

       This matter comes before the Court upon: (1) the National Security, Universal Mailing, Lima, and Alloy Cast Plaintiffs' motion for partial summary judgment against Defendants Barrett, Iola, and Cigna/Lincoln for violation of the New Jersey Consumer Fraud Act ("NJ CFA") and breach of fiduciary duty [docket no. 217]; (2) Defendant Cigna/Lincoln's cross-motion for partial summary judgment [docket no. 246]; and (3) the Universal Mailing, Lima, Alloy Cast, and Finderne Plaintiffs' motion for partial summary judgment against Defendants Barrett and Papetti for violation of the Employee Retirement Income and Security Act ("ERISA") [docket no. 218]. The Court has decided these motions after reviewing the submissions of the parties and without oral argument, pursuant to Fed. R. Civ. P. 78. For the following reasons, the motions are denied.

BACKGROUND

In light of the multiple motions before the Court, the Court will not continue to repeat the facts and procedural history of this case. Instead, the Court incorporates by reference its Order granting and denying in part Barrett's motion for partial summary judgment [docket no. 214]. All

-1-

but the Finderne Plaintiffs seek summary judgment against Defendants Barrett, Iola, and Cigna/Lincoln on Counts IX (NJ CFA) and XII (breach of fiduciary duty) of the Complaint.  As Plaintiffs do not assert a claim directly against Cigna/Lincoln for breach of fiduciary duty, however, the Court assumes that Plaintiffs instead seek summary judgment against Cigna/Lincoln on Count XV (respondeat superior).  All but the National Security Plaintiffs seek summary judgment against Defendants Barrett and Papetti on Count I (ERISA).

STANDARD OF REVIEW

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323; Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 414 (3d Cir. 1999).  The moving party may cite to the pleadings, depositions, answers to interrogatories, or admissions on file, to demonstrate that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  To survive a motion for summary judgment, the nonmoving party cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  "[L]egal conclusions, unsupported by documentation of specific facts, are insufficient to create issues of material fact that would preclude summary judgment."  Jersey Cent. Power & Light Co. v. Twp. of Lacey, 772 F.2d 1103, 1109-10 (3d Cir. 1985).

DISCUSSION

A.      Count IX—NJ CFA Claim

-2-

For the reasons stated in the Court's Order granting and denying in part Barrett's motion for partial summary judgment [docket no. 214], the Court denies Plaintiffs' motion as to their NJ CFA claim and the claim is dismissed.

B.        Counts XII and XV—Breach of Fiduciary Duty and Respondeat Superior

Plaintiffs argue that the Court should hold as a matter of law that Barrett and Iola breached their fiduciary duties.  As discussed in the Court's Orders granting and denying in part Barrett and Iola's motions for partial summary judgment [docket nos. 213 and 214], however, the Court finds a number of genuine issues of material fact exist as to whether Barrett and Iola misrepresented the tax advantages of the EPIC plan, misrepresented the existence of a "reserve fund," and misappropriated excessive commissions from plan contributions.  Specifically, while Plaintiffs argue that "the undisputed facts establish" Barrett and Iola's breaches, (Pls.' Br. Supp. Mot. for Partial Summ. J. [217] 36), Barrett and Iola present evidence that: (1) they exercised good faith and reasonable skill, without any guarantees, in advising Plaintiffs regarding participation in the EPIC plan; (2) Plaintiffs were unreasonable in believing that any "reserve fund" existed; and (3) the commissions they earned were neither secret nor excessive, but properly owed to them for their sales of the insurance policies.  Furthermore, the Court has already determined in its Order granting and denying in part Barrett's motion [docket no. 214] that all Plaintiffs' claims for breach of fiduciary duty, except those of the National Security Plaintiffs, are preempted by ERISA to the extent that they relate to Plaintiffs' "reserve fund" and excessive commissions allegations.  Therefore, the Court denies Plaintiffs' motion for summary judgment against Barrett and Iola for breach of fiduciary duty.

As a result, the Court denies Plaintiffs' motion for summary judgment against Cigna/Lincoln under a respondeat superior theory for Barrett and Iola's alleged breaches.

-3-

Cigna/Lincoln's cross-motion asserts the same arguments as in its motion for partial summary judgment [docket no. 211].  Thus, for the reasons expressed in the Court's Order granting and denying in part Cigna/Lincoln's motion for partial summary judgment [docket no. 211], the Court grants in part and denies in part Cigna/Lincoln's cross-motion for partial summary judgment.

C.     Count I—ERISA

Plaintiffs next argue that the Court should hold as a matter of law that Barrett and Papetti are liable under § 502(a)(3) of ERISA.  First, Plaintiffs assert that it is undisputed that Tri-Core was an ERISA fiduciary because it had control over the disposition of participant contributions to the individual ERISA plans in the EPIC plan.  Second, Plaintiffs contend that Tri-Core, beyond any genuine issue of material fact, engaged in prohibited self-dealing under ERISA by purchasing insurance policies for the EPIC plan that resulted in the payment to Tri-Core of secret and excessive commissions.  Third, Plaintiffs maintain that the undisputed facts show that Barrett and Papetti assisted Tri-Core in breaching its fiduciary duties by knowingly accepting from Tri-Core significant portions of Tri-Core's ill-gotten commissions in exchange for promoting the EPIC plan.

As mentioned above, however, and as discussed in the Court's Order granting and denying in part Barrett's motion for partial summary judgment [docket no. 214], the Court finds a number of genuine issues of material fact exist as to whether Barrett misrepresented the existence of a "reserve fund," and misappropriated excessive commissions from plan contributions.  As noted above, Barrett has presented evidence that Plaintiffs were unreasonable in believing that any "reserve fund" existed and the commissions he earned were neither secret nor excessive, but properly owed to him for their sales of the insurance policies.  Papetti similarly argues that he proposed the EPIC plan to the Finderne Plaintiffs in good faith to remedy their estate planning

issues.  Papetti also argues that Plaintiffs' belief in a "reserve fund" confused the general reserves of the insurance company issuing the insurance policies, which backed the company's ability to fund the policies.  Finally, Papetti presents evidence that the Finderne Plaintiffs were aware of commissions paid to him for insurance products he recommended.  Therefore, in light of these genuine issues of material fact, the Court denies Plaintiffs' motion for summary judgment against Barrett and Papetti on their ERISA claims.

CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 24th day of September, 2007,

ORDERED that Plaintiffs National Security Systems, Inc., Steven Cappello, Universal Mailing Service, Inc., Michael Maroney, Sr., Michael Maroney, Jr., Lima Plastics, Inc., Jose M. Caria, Margit Gaynor, Alloy Cast Products, Inc., Kenneth Fisher, and Frank Panico's Motion for Partial Summary Judgment [217] is DENIED; and it is further

ORDERED that Defendants Lincoln National Insurance Company and Cigna Financial Advisors, Inc.'s Cross-Motion for Partial Summary Judgment [246] is DENIED; and it is further

ORDERED that Plaintiffs Universal Mailing Service, Inc., Michael Maroney, Sr., Michael Maroney, Jr., Lima Plastics, Inc., Jose M. Caria, Margit Gaynor, Alloy Cast Products, Inc., Kenneth Fisher, Frank Panico, Finderne Management Company, Inc., Rocque Dameo, and Daniel Dameo's Motion for Partial Summary Judgment [218] is DENIED.


                                                    s/Anne E. Thompson
                                        _____
                                                    ANNE E. THOMPSON, U.S.D.J.