NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NAT'L SEC. SYS., INC., et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil No. 00-6293 (AET) |
| ROBERT L. IOLA, JR., et al., | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |

THOMPSON, U.S.D.J.

    This matter is before the Court upon Plaintiffs Universal Mailing Service, Michael A. Maroney, Sr., Michael Maroney, Jr., Lima Plastics, Inc., Joseph M. Caria, Margit Gyantar, Alloy Cast Products, Inc., Kenneth Fisher, and Frank Panico's Motion for Reconsideration of certain portions of the Court's Memoranda and Orders, entered on September 26, 2007 [docket nos. 266, 267, and 271]. The Court has decided this Motion after considering the written submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiffs' Motion is denied.

BACKGROUND

    The Court incorporates by reference the factual summary provided in its Memorandum and Order entered September 26, 2007 [docket no. 266] ("September 26th opinion"). In the September 26th Opinion, the Court found that some of Plaintiffs' state law claims were preempted by Section 514(a) of the Employees Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1144(a). In a series of opinions, the Court granted Defendants James W. Barrett's,

Lincoln National Life Insurance Company and Cigna Financial Advisors, Inc's, Monumental Life Insurance Company, Commonwealth Life Insurance Company, Peoples Security Life Insurance, CJA and Associates, Inc., Raymond J. Ankner, and Beaven Companies, Inc.'s motions for summary judgment with respect to Plaintiffs' state claims that arose from Defendants' alleged misconduct in the administration of the ERISA plans ("post-plan conduct").  However, the Court denied summary judgment on those state law claims that arose out of alleged misrepresentations by Defendants before the ERISA plans were established ("pre-plan conduct").  Plaintiffs filed this instant Motion on October 9, 2007, and seek reconsideration of the Court's holding that their state law claims predicated on post-plan conduct are preempted by ERISA.

DISCUSSION

A.      Standard of Review

A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."  Id.  In other words, the movant may address only matters that were presented in its original motion to the Court, but were not considered by the Court in making the decision at issue.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  However, a party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration;

rather, he or she should seek relief through the normal appellate process. Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997). "[R]econsideration is an extraordinary remedy, that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003) (internal citation and quotations omitted).

B.    Analysis

Plaintiffs contend that the Court's analysis of whether ERISA preempted their state law claims arising out of Defendants' post-plan conduct is inconsistent with the Appellate Division's holding in Finderne Mgmt. Co. v. Barrett, 809 A.2d 842 (N.J. App. Div. 2002). Plaintiffs argue that the Finderne court's decision on whether ERISA was even applicable to, and could therefore preempt, the parties' claims turned instead on the defendants' status as ERISA fiduciaries, rather than the timing of the alleged misconduct with respect to the establishment of an ERISA plan.

Further, Plaintiffs argued that the Court erred by failing to even consider the Third Circuit's recent decision in Kollman v. Hewitt Assocs., LLC, 487 F.3d 139 (3d Cir. 2007), which they claim is in line with the holding and analysis of Finderne. Defendants argue that Plaintiffs are, in effect, reiterating arguments they made in their opposition to Defendants' earlier motions for summary judgment and that any error by the Court in construing the contours of the Finderne decision should be resolved on appeal rather than by a motion for reconsideration.

In its September 26th Opinion, the Court held that Plaintiffs' state law claims for fraud, breach of fiduciary duty, breach of contract, breach of the duty of good faith and fair dealing, and conspiracy and aiding and abetting were preempted by ERISA "to the extent that they relate to Defendants' misrepresentations and misconduct regarding the 'reserve fund' and allegedly excessive commissions." [docket no. 266.] The Court does not find that this is inconsistent with

rather, he or she should seek relief through the normal appellate process. Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997). "[R]econsideration is an extraordinary remedy, that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003) (internal citation and quotations omitted).

B.    Analysis

Plaintiffs contend that the Court's analysis of whether ERISA preempted their state law claims arising out of Defendants' post-plan conduct is inconsistent with the Appellate Division's holding in Finderne Mgmt. Co. v. Barrett, 809 A.2d 842 (N.J. App. Div. 2002). Plaintiffs argue that the Finderne court's decision on whether ERISA was even applicable to, and could therefore preempt, the parties' claims turned instead on the defendants' status as ERISA fiduciaries, rather than the timing of the alleged misconduct with respect to the establishment of an ERISA plan.

Further, Plaintiffs argued that the Court erred by failing to even consider the Third Circuit's recent decision in Kollman v. Hewitt Assocs., LLC, 487 F.3d 139 (3d Cir. 2007), which they claim is in line with the holding and analysis of Finderne. Defendants argue that Plaintiffs are, in effect, reiterating arguments they made in their opposition to Defendants' earlier motions for summary judgment and that any error by the Court in construing the contours of the Finderne decision should be resolved on appeal rather than by a motion for reconsideration.

In its September 26th Opinion, the Court held that Plaintiffs' state law claims for fraud, breach of fiduciary duty, breach of contract, breach of the duty of good faith and fair dealing, and conspiracy and aiding and abetting were preempted by ERISA "to the extent that they relate to Defendants' misrepresentations and misconduct regarding the 'reserve fund' and allegedly excessive commissions." [docket no. 266.] The Court does not find that this is inconsistent with

Finderne, which held that "[w]here a plaintiff's claim arises directly from the administration of a plan, ERISA preemption is warranted." 809 A.2d at 856. Nor have Plaintiffs demonstrated that the Court's decision is inconsistent with Kollman, or that the latter case represents a departure from the holding in Finderne such that it can be characterized as a change in intervening law. In Kollman, the Third Circuit reversed the district court's holding that the plaintiff's state law professional malpractice claim against the defendant plan administrator was preempted by ERISA where the conduct at issue concerned an alleged miscalculation of pension fund benefits owed to the plaintiff. 487 F.3d at 141. There, the court found that the nature of the plaintiff's malpractice claim required it to delve into the mechanics of the ERISA plan to determine, *inter alia*, whether the calculations of the pension fund benefits were erroneous. Id. at 149.

The Court finds that Plaintiffs have not sustained their burden of showing a clearly erroneous determination of law in the Court's September 26th Opinion. Instead, Plaintiffs disagree with the Court's interpretation and application of the rule in Finderne. However, such disagreement ought to be raised and resolved through the appellate process. Therefore, the Court denies Plaintiffs' Motion for Reconsideration.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 18th day of January, 2008,

ORDERED that Plaintiffs Universal Mailing Service, Michael A. Maroney, Sr., Michael Maroney, Jr., Lima Plastics, Inc., Joseph M. Caria, Margit Gyantar, Alloy Cast Products, Inc., Kenneth Fisher, and Frank Panico's Motion for Reconsideration [272] is DENIED.

                                                            s/ Anne E. Thompson
                                        _____
                                          ANNE E. THOMPSON, U.S.D.J.