UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

November 6, 2009

**LETTER OPINION & ORDER**

**Re:** National Security Systems, Inc., et al. v. Robert L. Iola, Jr., et al.
Civil Action No. 00-6293 (AET)

Dear Counsel:

Pending before the Court is Defendants Beaven Companies, Inc., Raymond J. Anker and CJA Associates Inc.'s (collectively the "CJA Defendants") motion to permit the *pro hac vice* admission of Jeffrey I. Bleweis, Esq. The Court has fully reviewed all of the papers submitted in support of and in opposition to the CJA Defendants' motion, and considers same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons stated below, the CJA Defendants' motion is DENIED.

**I.     Background**

The CJA Defendants argue that Mr. Bleiweis, who is a member of the Bar of the state of Illinois, should be permitted to appear and participate in this matter *pro hac vice* because he "is not a necessary witness in this case" and as such New Jersey Rule of Professional Conduct ("RPC") 3.7 does not bar him from representing the CJA Defendants at trial. (CJA Defs.' Br. at 1). In this regard, the CJA Defendants claim that "Mr. Beiweis' testimony is not essential and would only be cumulative" because "any information about which he would testify also can be provided by CJA President, Raymond J. Anker." (*Id*. at 1-2). Consequently, "because the subject of [Mr. Bleiweis'] anticipated testimony could be presented through a

different witness," the CJA Defendants argue he is "not a necessary witness." (CJA Defs.' Reply Br. at 2) (citing *J.G. Ries & Sons, Inc. v. Spectraserv, Inc.*, 384 N.J. Super. 216, 231 (App. Div. 2006))).

Further, the CJA Defendants argue that they have "a compelling reason" for seeking the *pro hac vice* admission of Mr. Bleiweis (CJA Defs.' Reply Br. at 1); namely the CJA Defendants "cannot afford to pay current counsel to represent it at the trial of this case." (CJA Defs.' Br. at 1). Indeed, the CJA Defendants claim that "[i]t would work a substantial financial hardship on CJA to have present counsel try this case." (CJA Defs.' Reply Br. at 1). The CJA Defendants argue that "[t]he financial hardship which would result to CJA were its motion denied constitutes good cause for granting" same. (*Id*. at 2). Thus, in light of this hardship along with the fact that Mr. Bleiweis is not a necessary witness and the "deference shown by courts for a party's choice of counsel[,]" the CJA Defendants request that the Court grant the instant motion. (*Id*. at 3).

Plaintiffs oppose the CJA Defendants' motion, arguing that the Court should deny Mr. Bleiweis' *pro hac vice* admission in this matter because he is a necessary witness. Plaintiffs note that Mr. Bleiweis is the Vice President and General Counsel of Beaven Companies, Inc. and CJA Associates, Inc. Plaintiffs argue that "[d]uring his tenure as Vice President and General Counsel of CJA, Bleiweis negotiated a written agreement between CJA and Tri-Core which memorialized the long-standing business relationship between those parties." (Pls.' Opp'n Br. at 2). Plaintiffs claim that on February 16, 1996, Mr. Bleiweis sent a letter to the then General Counsel for Tri-Core which "forwarded a draft agreement between Tri-Core and CJA Associates which recited, among other things, that 'pursuant to an oral agreement, Tri-Core and CJA have an on-going relationship regarding the marketing of the Gear Program . . . ." (*Id*. at 2-3 (quoting Trial Ex. P-269)). Plaintiff contends that Mr. Bleiweis "not only helped negotiate this agreement but also wrote a series of letters [also trial exhibits] that reflected the involvement of CJA in working with Tri-Core to market the EPIC Plan[,]" the plan at issue in this litigation, which Plaintiffs allege was a fraudulent benefit plan.

(*Id*. at 3). Plaintiffs argue that "[b]ecause these documents . . . were prepared and signed by Bleiweis, only Bleiweis can testify about their meaning." (*Id*.)

Indeed, Plaintiff's argue that the importance of Mr. Bleiweis' testimony can be seen by looking at the District Court's September 28, 2007 Memorandum and Order denying the CJA Defendants' motion for summary judgment. Plaintiffs argue that in that Memorandum and Order, "the Court specifically found that factual disputes existed concerning the nature of the business relationship reflected in the written agreement between Tri-Core and CJA that Bleweis had negotiated." (*Id*. at 5). Again, Plaintiffs argue that "[b]ecause Bleiweis is the individual who drafted and negotiated that agreement, he is the only witness who can testify concerning the background that led to it and its meaning. (*Id*). Further, Plaintiffs claim that "a number of [their] trial exhibits . . . were drafted and signed by Bleiweis and Bleiweis alone" and that consequently, "there is no other witness who can testify about the nature or meaning of those exhibits." (*Id*. at 5-6).

Plaintiffs contend that given the necessity of Mr. Bleiweis' testimony, Plaintiffs listed him as a trial witness in the Joint Final Pretrial Order entered in this matter. In fact, Plaintiffs note that not only did they list him as a witness, but both the Monumental Defendants as well as the CJA Defendants themselves listed Mr. Bleiweis as a witness.

Plaintiffs argue that the CJA Defendants' basis for seeking Mr. Bleiweis' *pro hac vice* admission - that they can no longer afford to pay current counsel to represent them at trial - is insufficient. In this regard, Plaintiffs' request that Paragraph 8 of Richard Hertzberg's Declaration filed in support of the present motion be stricken. That paragraph reads as follows:

> 8. I am advised that CJA's financial condition necessitates this application. CJA cannot afford to pay this firm to represent it at trial and wishes to have its in-house counsel try the case on its behalf.

(Hertzberg Decl. at ¶ 8). Plaintiffs argue that this statement, which is the only basis for the CJA Defendants'

3

claim that they cannot afford to pay current counsel, is "plainly inadmissible hearsay and should be stricken and disregarded as violative of L. Civ. R. 7.2(a)." (Pls.' Opp'n Br. at 7).[1]

Plaintiffs also argue that regardless of the reason the CJA Defendants seek to have Mr. Bleiweis admitted *pro hac vice*, their motion must be denied because, as previously explained, Mr. Bleiweis is a necessary witness. In this regard, Plaintiffs claim that the CJA Defendants' motion fails to address "the important role that Mr. Bleiweis will play at trial with respect to the disputed role of the CJA Defendants in this case, does not mention the Court's earlier denial of their Motion for Summary Judgment and does not explain why the CJA Defendants themselves have listed Mr. Bleiweis as a trial witness in the JFPO." (*Id.*) Plaintiffs argue that given Mr. Bleiweis' central role in negotiating, preparing and signing the agreement between CJA and Tri-Core as well as other documents, he will be a necessary witness at the trial of this matter. As such, Plaintiffs' argue that the CJA Defendants' motion must be denied in order to avoid the inherent conflict of interest that would otherwise result.

**II.     Analysis**

    **A.     Standard for *Pro Hac Vice* Admissions**

In this District, *pro hac vice* admissions are governed by L.Civ.R. 101.1(c). According to that rule, "[a]ny member in good standing of the bar of any court of the United States or the highest court of any state, who is not under suspension or disbarment by any court and is ineligible for admission to the bar of this Court under L.Civ.R. 101.1(b), may in the discretion of the court, on motion, be permitted to appear and participate in a particular case." L.Civ.R. 101.1(c)(1). While *pro hac vice* admission is generally granted "almost as a matter of course[,]" the Court's discretion to grant such admission cannot be exercised

---

[1] In the CJA Defendants' reply brief they submit a supplemental affidavit from Mr. Bleiweis attesting to the fact that the CJA Defendants cannot afford to pay current counsel to represent them at trial. The CJA Defendants argue that Plaintiffs' request to strike Paragraph 8 of the Hertzberg Declaration is therefore moot. The Court agrees and dismisses Plaintiffs' cross-motion to strike as moot.

arbitrarily. *Kohlmayer v. National R.R. Passenger Corp.*, 124 F.Supp.2d 877, 880 (D.N.J. 2000). Thus, depending on the particular circumstances surrounding an application for *pro hac vice* admission, the Court may exercise its discretion to deny same.

      B.      **Manifest Injustice**

Under the circumstances of this case, the Court finds that the CJA Defendants' motion for the *pro hac vice* admission of Mr. Bleiweis must be denied. First, the Court notes that Mr. Bleiweis was designated by Plaintiffs, with no objections from the CJA Defendants, as a fact witness in the Joint Final Pretrial Order. (*See* Joint Final Pretrial Order at 42). Indeed, both the Monumental Defendants and the CJA Defendants, themselves, listed Mr. Bleiweis as a fact witness in the Joint Final Pretrial Order. (*Id*. at 48; 52). Pursuant to the express terms of the Joint Final Pretrial Order (*Id*. at 75) and FED.R.CIV.P. 16(e), the Court may only modify the Joint Final Pretrial Order to prevent "manifest injustice." Here, if the CJA Defendants' *pro hac vice* motion is granted, then the Joint Final Pretrial Order would necessarily have to be modified to, at a minimum, include the CJA Defendants' objections to Mr. Bleiweis being called as a witness. While the CJA Defendants argue that the financial hardship that would result if their motion is denied "constitutes good cause for granting" same, good cause is not the standard by which the CJA Defendants' motion must be judged. Instead, the CJA Defendants must establish that manifest injustice would result if their motion is denied. The CJA Defendants make no such arguments. Further, the Court finds that despite the CJA Defendants' reason for filing the instant motion, manifest injustice will not result if the CJA Defendants' motion is denied. Indeed, the Court finds that under the circumstances of this case, where Plaintiffs since March 2009 have anticipated as part of their trial strategy calling Mr. Bleweis as a witness during the trial of this matter, which is set to begin later this month, it would be manifestly unjust to Plaintiffs for the Court to grant the CJA Defendants' motion at this time.

**C.    RPC 3.7**

Second, the Court finds that the CJA Defendants' motion must be denied because Mr. Bleiweis is a necessary witness in this matter and therefore should be disqualified from representing the CJA Defendants.  *See* RPC 3.7.  Generally speaking, motions to disqualify are viewed with disfavor, as disqualification is a drastic remedy with broad, sometimes devastating implications.  *Carlyle Towers Condominiums*, 944 F. Supp. at 345.  Nevertheless, if there is any doubt as to the propriety of an attorney's representation of a client, such doubt must be resolved in favor of disqualification.  *Maldonado v. New Jersey*, 225 F.R.D. 120, 136-137 (D.N.J. 2004); *see also Kaselaan & D'Angelo Assoc., Inc. v. D'Angelo*, 144 F.R.D. 235, 238 (D.N.J. 1992).  Deciding a motion to disqualify "requires the Court to balance the need to maintain the highest standards of the [legal] profession against a client's right to freely choose his counsel." *Steel v. General Motors, Inc.*, 912 F. Supp. 724, 733 (D.N.J. 1995) (internal citations omitted).

Pursuant to RPC 3.7:

> (a) A lawyer shall not act as an advocate at trial in which
> the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue
> (2) the testimony relates to the nature and value of
>  legal services rendered in the case; or
> (3) disqualification of the lawyer would work
> substantial hardship on the client
> (b) a lawyer may act as advocate in a trial in which another
> lawyer in the lawyer's firm is likely to be called as a witness
> unless precluded from doing so by RPC 1.7 or 1.9.

RPC 3.7 was implemented to prevent a situation in which a lawyer at trial acts as an attorney and a witness, thus "creating the danger that the fact finder (particularly if it is a jury) may confuse what is testimony and what is argument, and otherwise creating an unseemly appearance at trial." *Main Events Productions, LLC v. Lacey*, 220 F. Supp. 2d 353, 357 (D.N.J. 2002).  An attorney's testimony is considered 'necessary' if concealing it would prejudice the client or prevent the court from making a just decision." *State v. Dayton*,

292 N.J. Super. 76, 84-86. (App. Div. 1996) (citing *Freeman v. Vicchiarelli*, 827 F. Supp. 300, 306 (D.N.J. 1993)).

Here, Plaintiffs argue that Mr. Bleweis is a necessary witness in this matter because he was the individual who not only negotiated and signed the agreement between the CJA Defendants and Tri-Core but who also "wrote a series of letters that reflected the involvement of CJA in working with Tri-Core to market the EPIC Plan[,]" the plan at issue in this litigation. (Pls.' Opp'n Br. at 3). Plaintiffs argue that "[b]ecause these documents . . . were prepared and signed by Bleiweis, only Bleiweis can testify about their meaning." (*Id.*) The CJA Defendants, however, claim that Plaintiffs' argument misses the mark. Specifically, the CJA Defendants argue that while Mr. Bleiweis "may have executed agreements on behalf of CJA [that] does not mean that no other witness can testify regarding business relationships CJA may have had with the entities in question." (CJA Defs.' Reply Br. at 1). Instead, the CJA Defendants argue that Mr. Blewies "did not execute [the] agreements in his individual capacity" but as "an employee of CJA." (*Id.*) The CJA Defendants therefore contend that "[a]s a subordinate within the corporate hierarchy of CJA, [Mr. Bleiweis] acted at the discretion of another" and, consequently, other "CJA officers and employees can provide testimony regarding the business arrangements identified in plaintiffs' opposition brief." (*Id.*) As a result, the CJA Defendants claim that Mr. Bleiweis is not a necessary witness because other individuals are "capable of introducing the relevant evidence." (CJA Defs.' Br. at 2 (citing *J.G. Ries & Sons*, 384 N.J. Super. at 231)).

While the Court appreciates the CJA Defendants' argument that Mr. Bleiweis was acting as an employee of CJA when he negotiated and signed the agreement and letters in question, the Court disagrees with the CJA Defendants' conclusion that other CJA officers and employees can provide any information about which Mr. Bleiweis would testify. Instead, the Court finds that Plaintiffs have carried their burden

of establishing that Mr. Bleiweis will likely be a necessary witness at the trial of this matter pursuant to Rule 3.7.

Unlike in *J.G. Ries & Sons*, here Plaintiffs have done more than simply offer a mere representation that Mr. Bleiweis will likely be called as a witness at trial. 384 N.J. Super. at 230. Indeed, Plaintiffs have established that Mr. Bleiweis was the individual who negotiated ans signed the agreement between CJA and Tri-Core as well other related documents. The meaning of this agreement is of key importance in this matter. No other person is in as good a position as Mr. Bleiweis to provide testimony regarding the meaning of the agreement and CJA's business relationship with Tri-Core. As such, Mr. Bleiweis' testimony on these points cannot be said to be duplicative or cumulative of other witnesses' testimony. *See Sherwood Group, Inc. v. Rittereiser*, Civ. No. 90-2412 (CSF), 1991 WL 87578, at *1-2 (D.N.J. May 20, 1991) (holding that attorney who was ultimately responsible for agreement, the meaning of which was "of prime import to th[e] case[,]" was likely to be necessary witness under RPC 3.7 and was therefore disqualified). Instead, it appears likely that Mr. Bleieweis' testimony will be essential to this case. The CJA Defendants, themselves, implicitly recognized the importance of Mr. Bleiweis' testimony when they not only chose not to object to Plaintiffs calling him as a witness at the time the Joint Final Pretrial Order was entered, but also by specifically designating him as a fact witness on their own behalf in that Order. Consequently, the Court finds that under RPC 3.7, Mr. Bleiweis will likely be a necessary witness at the trial of this matter. The Court further finds that the CJA Defendants have failed to establish that the denial of Mr. Bleiweis' *pro hac vice* admission in this matter will work a "substantial hardship" on them within the meaning of RPC 3.7. Mr. Bleiweis is therefore disqualified from representing the CJA Defendants in this matter.[2]

---

[2] The Court notes that this is not a case where Plaintiffs impermissibly seek to call Mr. Bleiweis as a witness for the sole purpose of preventing him from representing the CJA Defendants. Instead, Plaintiffs identified Mr. Bleiweis as a fact witness months before he ever sought to be admitted *pro hac vice* in this case.

**III.    Conclusion**

For the reasons stated above, the CJA Defendants' motion seeking the *pro hac vice* admission of Mr. Bleweis is DENIED.  Plaintiffs' cross-motion to strike is DISMISSED AS MOOT.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE THESE MOTIONS [DOCKET ENTRY NOS. 355 and 357] ACCORDINGLY.**

    s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**