NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL SECURITY SYSTEMS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> Robert L. IOLA, Jr., James W. BARRETT, et al., <br><br> Defendants. | Civil No. 00-6293 (AET) <br><br> **OPINION & ORDER** |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter has come before the Court upon Defendant James W. Barrett's Motion to Stay Execution of Judgment Pending Appeal [docket # 484-3]. Plaintiffs National Security Systems, Inc., et al., oppose the motion [485]. The Court has decided the motion upon the submissions of both parties and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, Defendant's motion is granted.

## II. BACKGROUND

This case was initiated by four groups of financial planning clients of Defendant James W. Barrett, who advised them that their contributions to a purported retirement plan would be tax-deductible. (Mem. in Supp. Ex. A, at 3) [484-4]. The IRS, pursuant to an audit, concluded that the plan was a tax avoidance scheme, disallowed the deductions, and required the Plaintiffs to pay additional taxes and interest. Plaintiffs filed a lawsuit against the Defendants alleging civil RICO liability, ERISA liability, and common law breach of fiduciary duty. After a jury verdict in favor

of Plaintiffs on the fiduciary breach claims and a bench-trial finding of liability on the ERISA claims, this Court issued a Judgment against Defendant Barrett[1] on June 18, 2010 [454].  After granting in part and denying in part various post-trial motions [474, 475, 476], we filed an Amended Final Judgment on September 24, 2010 [477].  Specifically, we issued judgment as follows: for Plaintiffs Alloy Cast Products, Inc., Frank Panico, and Kenneth Fisher in the amount of $106,981.97; for Plaintiffs Finderne Management Company, Inc., Daniel Dameo, and Rocque Dameo in the amount of $29,114.72; for Plaintiffs Lima Plastics, Inc., Jose M. Caria, and Margit Gyantor in the amount of $183,770.46; and for Plaintiffs Universal Mailing Service, Inc., Michael Maroney, Jr., and Michael Maroney, Sr., in the amount of $134,822.77 [477].  Plaintiffs appealed the judgment on October 21, 2010 [478]; Defendant Barrett also appealed the judgment on October 25, 2010 [480].  Barrett now moves to stay execution of the judgment pending appeal.  Barrett further requests that the bond requirement be waived.

### III. ANALYSIS

**A.  Bond Requirement for Stay of Execution Under Rule 62(d)**

Federal Rule of Civil Procedure 62(d) provides, "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . .  The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond."  Fed. R. Civ. P. 62(d).

The Supreme Court has stated in dicta that a district court's judgment should be stayed where a prevailing party "assert[s] that the decree is founded in error and for that reason should not be executed but should be reversed and corrected in the appellate tribunal."  *Bronson v. La Crosse & Milwaukee R.R. Co.*, 68 U.S. (1 Wall.) 405, 410 (1864).  The parties have called to our

---

[1] All other defendants were dismissed before or during trial.

attention a Circuit split regarding the question of whether a supersedeas bond is required where the prevailing party at trial is the first to take an appeal. The Fourth Circuit has held that no bond is required where the prevailing party is first to appeal, "because the execution of the judgment has already been superseded by the prevailing party's appeal." *Tennessee Valley Auth. v. Atlas Machine & Iron Works, Inc. ("TVA")*, 803 F.2d 794, 797 (4th Cir. 1986). However, the *TVA* holding has since been discredited by several other Circuits, which have concluded that the 62(d) bond requirement is suspended only where the relief sought by the prevailing party is *inconsistent* with enforcement of the lower court's judgment. *See, e.g.*, *Carter v. United States*, 333 F.3d 791, 793 (7th Cir. 2003) ("[T]he filing of an appeal by the prevailing party does not stay the judgment in his favor unless he is seeking to change the form of the relief he obtained . . . rather than, as in this case, merely seeking more of the same." (citing *BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 616–17 (7th Cir. 1992))); *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 464 (5th Cir. 1990) (noting, for example, that a party seeking "specific performance in lieu of damages cannot at the same time attempt to execute a damage judgment"); *Trustmark Ins. Co. v. Gallucci*, 193 F.3d 558, 559 (1st Cir. 1999) (rejecting *TVA* and adopting 7th Circuit view). Given that the Third Circuit has yet to address this precise issue, we are inclined to apply the rule adopted by the First, Fifth and Seventh Circuits. This rule better reflects the plain language of Rule 62(d), which makes no distinction regarding whether an appeal is taken by a prevailing or losing party.

The question, then, is whether the Plaintiff's appeal is inconsistent with enforcement of this Court's judgment. Plaintiff's appeal asserts that the Court committed the following errors: (1) ruling that ERISA preempted certain claims against Defendant Barrett; (2) failing to grant summary judgment against Defendant Barrett for aiding and abetting fiduciary violations under ERISA; (3) failing to find an adverse inference based on Defendant Barrett's willful destruction

of documents; (4) ruling that commissions information could not be considered by jury; (5) refusing to allow certain documents in evidence; (6) excluding testimony and documents relating to the Finderne Plaintiffs; (7) providing an erroneous jury charge; (8) severing allocation and allowing the jury to allocate responsibility to parties other than Barrett; (9) dismissing Plaintiffs' punitive damage claim; (10) refusing to grant a new trial; (11) rejecting certain ERISA claims and failing to award adequate damages, pre-judgment interest, or attorneys' fees.  (Mem. in Supp. Ex. A, at 4) [484-4].  In short, Plaintiffs are seeking additional damages, pre-judgment interest, and attorneys' fees through the avenues of reopening ERISA claims, allowing punitive damages, allowing additional testimony and evidence, and undoing any allocations to other parties.  This request for further damages and fees is not inconsistent with executing a judgment on money damages already awarded.  Thus, because Plaintiffs' appeal is not inconsistent with the judgment awarded, we do not consider the appeal to have automatically suspended the bond requirement.

### B. Discretionary Waiver of Bond Requirement

While Plaintiffs' appeal does not automatically suspend the Rule 62(d) bond requirement, we proceed to consider Defendant Barrett's request that we grant a stay but exercise our discretion to waive the bond requirement.  The Court's discretion to waive bonds is rooted in Federal Rule of Civil Procedure 62(f), which states, "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."  Fed. R. Civ. P. 62(f).  A judgment of the Superior Court of New Jersey creates a lien against the judgment debtor's property once such judgment is entered on the court's minutes or records.  N.J.S.A. 2A:16-1; *see also Matter of Blease*, 605 F.2d 97, 98 (3d Cir. 1979).  A judgment in a federal district court sitting in New Jersey is accorded the same status as a judgment in the New Jersey state courts.  28 U.S.C. § 1962.  Because the judgment of a federal district court sitting in New Jersey thus

operates as a lien, a judgment debtor is entitled to the same stay of execution as a New Jersey Court would give. Under New Jersey law, "A judgment order in a civil action adjudicating liability for a sum of money or the rights or liabilities of parties in respect of property which is the subject of an appeal or certification proceedings shall be stayed only upon the posting of a bond pursuant to R. 2:9-6 or a cash deposit pursuant to R. 1:13-3(c) *unless the court otherwise orders on good cause shown*." N.J. Ct. R. 2:9-5(a) (emphasis added). Accordingly, district courts in New Jersey can issue unsecured stays on good cause shown.

Defendant Barrett argues that this Court has good cause to waive the bond requirement because Plaintiffs were the first parties to appeal the Court's judgment. (Mem. in Supp. 7.) Defendant bases this argument on the principle that "a litigant cannot accept the benefits of a judgment while simultaneously challenging the judgment's unfavorable aspects." (Reply Mem. 4.) As noted above, Rule 62(d) makes no distinction with respect to which party filed the appeal first, and the majority of Circuits that have addressed this issue have refused to read into the Rule any such distinction. We also fail to see how Plaintiff will be receiving any "benefits" from Defendant's bond. Because we find unpersuasive Defendant's arguments regarding good cause, we decline to exercise our discretion to waive the bond requirement in issuing a stay.

### C. Amount of Bond

Defendant Barrett requests that the bond amount be limited to 120% of the amount of damages awarded on the ERISA claims (and not the fiduciary breach claims). (Mem. in Supp. 8.) Additionally, Defendant requests that this bond be posted only in favor of the Finderne and Lima Plastics Plaintiffs, the only Plaintiffs holding an ERISA award. (*Id.*) We consider Defendant's request reasonable. Thus, we will require Defendant to post a bond equal to 120% of the amount awarded in favor of the Finderne and Lima Plastics Plaintiffs on the ERISA claims. Specifically, in our Amended Final Judgment, we ordered Defendant "to disgorge $15,508.97 in commissions

plus $13,605.75 in prejudgment interest to the Finderne Plaintiffs as well as $41,634.35 in commissions plus $40,307.11 in prejudgment interest to the Lima Plastics Plaintiffs." (Am. Final J. 3) [477]. As such, we will require Defendant to post a bond equal to 120% of this amount, for a total of $133,267.42.

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 10th day of January, 2011

ORDERED that Defendant's Motion to Stay Execution of Judgment Pending Appeal [docket # 484] is GRANTED; and it is

ORDERED that Defendant James W. Barrett post a bond in the amount of $133,267.42.


          __/s/ Anne E. Thompson_____
          ANNE E. THOMPSON, U.S.D.J.