

**Christopher P. Leise**

LibertyView | 457 Haddonfield Road, Suite 400 | Cherry Hill, NJ  08002-2220
Direct 856.317.3646 | Fax 856.317.3606
leisec@whiteandwilliams.com | whiteandwilliams.com

June 24, 2013

**VIA ECF**
Honorable Anne E. Thompson
United States District Court
District of New Jersey - Trenton  Vicinage
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

RE:  National Security Systems v. James W. Barrett, et al.
U.S.D.C., D.N.J. No. 00-CV-06293 (AET)

Dear Judge Thompson:

As you will recall, we represent Defendant, James W. Barrett.  By Order dated June 10, 2013, this Court reinstated certain claims following the parties' various appeals to the Third Circuit and the Third Circuit's subsequent Opinion.  A status conference is scheduled for June 27, 2013.

Mr. Barrett anticipates that among the issues to be discussed at the status conference is whether a new trial will be needed and, if so, the proper scope of the trial.  The issues raised by these questions are extremely fact intensive and will require reference to the well-developed record and the Third Circuit's Opinion.  Consequently, we will ask that Your Honor set a briefing schedule on these issues during the status conference.

In advance of the conference and any briefing schedule, we would like to briefly address these questions.  The Third Circuit vacated the judgment on three issues:  (1)  state law claims; (2)  RICO claims, and (3)  certain Plaintiffs' ERISA claims.  Each of these issues shall be addressed, in turn.

## STATE LAW CLAIMS

The Third Circuit concluded that ERISA does not preempt the Plaintiffs' state law claims to the extent that they allege that Defendants misrepresented the existence of a reserve fund, the availability of conversion credits, and the nature of his commissions before the Plaintiffs adopted the EPIC plan.  See National Security Systems, Inc. v. Iola, 700 F.3d 65, 85 (2013).  The Third Circuit therefore vacated this Court's partial grant of summary judgment in favor of Mr. Barrett regarding these state law claims.  Before conducting a new trial, the Third Circuit instructed this Court to consider other arguments which had been pressed by the parties in their dispositive

Honorable Anne E. Thompson
June 24, 2013
Page 2

motions and whether retrial would result in double recovery.[1]  Id.  Mr. Barrett believes that after the Court conducts this analysis, it will find that Plaintiffs will not be entitled to a new trial.

Since this Court determined these claims were preempted by ERISA, it did not need to consider some of Mr. Barrett's alternative claims for dismissal in his Motion for Partial Summary Judgment.  For example, this Court did not address Mr. Barrett's argument regarding the sufficiency of the evidence as to the reinstated state law claims.  Also unaddressed was Mr. Barrett's argument that since no contract existed between Mr. Barrett and the Plaintiffs, the Plaintiffs could not proceed with a claim for either breach of contract or breach of the implied covenant of good faith and fair dealing.

The Court will also have to consider the potential for double recovery, as the jury already returned a verdict on behalf of the Plaintiffs on the claim of a common law breach of fiduciary duty representing the damages Plaintiffs incurred as a result of the IRS audits.

Although the reinstated state law claims implicate more examples of misrepresentations than the common law breach of fiduciary claim considered by the jury, the Court will have to consider whether Plaintiffs already proffered all damage proofs.  Indeed, the alleged harm caused by the misrepresentation regarding tax benefits is the same as other alleged misrepresentations, according to the pleadings.  Any alleged misrepresentation made prior to the adoption of the plan would consist of inducement to enroll into EPIC.

## RICO CLAIMS

This Court permitted the jury to consider two alleged misrepresentations as the basis for the RICO claim: 1) misrepresentations about the tax benefits and drawbacks of the plan; and 2) misrepresentations about the existence of a reserve fund and the accessibility of conversion credits.  This Court did not permit the jury to consider the following two alleged bad acts as part of the scheme to defraud:  1) generation of grossly excessive commissions; and 2) concealment of the commissions.  Id. at 105.  The Third Circuit affirmed the trial court's judgment as to the generation of excessive commissions but reversed on the concealment of commissions.  Id. at 105-107.

It is appropriate for this Court to consider whether to conduct a retrial on all three bases for RICO claims or simply conduct a retrial on the reinstated basis:  concealment of commissions.  Under no circumstance should the Plaintiffs receive a retrial on the basis of the generation of grossly excessive commissions.[2]

---

[1] This Court's Order reinstating the pre-adoption state claims notes that the "Court will conduct a new trial as to those claims. . . ."  This Order conflicts with the Third Circuit's Opinion, which, as noted above, requires the Plaintiffs to clear some hurdles before being awarded a new trial.

[2] This Court's Order reinstating the RICO claim reads: "The RICO claims asserted by all Plaintiffs be and hereby is REINSTATED for a new trial."  This statement does not take into

Honorable Anne E. Thompson
June 24, 2013
Page 3

## THE ERISA CLAIMS OF UNIVERSAL MAILING AND ALLOY CAST

Insofar as this Court held that the ERISA claims of Universal Mailing and Alloy Cast Plaintiffs were time-barred, the Third Circuit vacated the District Court's partial grant of Mr. Barrett's Motion to Amend the Judgment and remanded for further proceedings. The Third Circuit stated that this Court should consider when these Plaintiffs acquired actual knowledge of Barrett's knowing participation in Tri–Core's breach of ERISA § 406(b)(3). Id. at 99-100. Mr. Barrett believes that issue should be addressed by reference to the well-developed record together with briefs and proposed findings of fact and conclusions of law. If this Court should find that these claims remain time-barred, dismissal is again appropriate. If this Court should find that these claims are not time-barred, this Court would simply reinstate its previous award of damages in favor of these Plaintiffs, as the statute of limitations defense has no bearing on the damages suffered by Plaintiffs. See June 16th 2010 Transcript of Opinion at p. 30. Consequently, no retrial is necessary on these claims.

## TIMING OF RETRIAL

Finally, we write to alert the Court that if a re-trial is necessary, Mr. Barrett may need to seek a stay. Mr. Barrett lost his home during Hurricane Sandy in October 2012. He is currently involved in the rebuilding of his home and must care for his disabled adult son. Preparing for and attending a trial would amount to an extreme hardship on Mr. Barrett and we may need to ask for a stay of trial.

Thank you for your consideration of this matter.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

*[signature]*

Christopher P. Leise

CPL:mlp
cc:     **via ECF**
        Kerri E. Chewning

---

account that the Third Circuit affirmed the decision of the trial court to excise the excessive compensation theory from the jury charge. Id. at 106.

11554534v.3